UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER O'CONNOR,

                    Plaintiff,

  v.

BIMBO BAKERIES USA, INC.,

                    Defendant.
_____

**DECISION
and
ORDER**

**24-CV-1041-JLS(F)**

APPEARANCES:        MASSIMI LAW PLLC
                              Attorneys for Plaintiff
                              JESSICA S. MASSIMI, of Counsel
                              99 Wall Street, Suite 1264
                              New York, New York   10005

                              JACKSON LEWIS P.C. .
                              Attorneys for Defendant
                              CLIFF J. LAFEMINA, of Counsel
                              58 South Service Road, Suite 250
                              Melville, New York  11747
                                   and
                              KRISTI R. WINTERS, of Counsel
                              677 Broadway, 9th Floor
                              Albany, New York   12207

In this Title VII case, by papers filed September 25, 2025 (Dkt. 32), Plaintiff moves pursuant to Fed.R.Civ.P. 37(a)(1) to compel Defendant's responses to Plaintiff's document requests served February 11, 2025.  Specifically, Plaintiff requests Defendant fully respond to Plaintiff's Document Requests Nos. 11 and 29 which, respectively, seek the complete personnel file of one Sasha Rottenberger, one of Plaintiff's co-employees and a non-party, who allegedly assaulted Plaintiff because of Plaintiff's bi-sexual sexual orientation, and all documents relating to Defendant's company-wide formal or informal complaints of discrimination and retaliation regardless of the form of discrimination or

retaliation involved, *e.g.*, race or ethnicity, and including complaints during the preceding five year period.

In this case, Plaintiff alleges Defendant's discrimination is based on Plaintiff's bi-sexual sexual orientation and that Defendant retaliated against Plaintiff by terminating Plaintiff after Plaintiff complained to Defendant's management about frequent harassment because of Plaintiff's sexual orientation by several of Plaintiff's fellow employees. Plaintiff also alleges state law claims based on Defendant's discrimination and negligence in failing to supervise and train Sasha Rottenberger who Defendant also subsequently terminated.

In opposing Plaintiff's motion with respect to Defendant's response to Request No. 11, Defendant asserts Defendant examined Rottenberger's personnel file and provided Plaintiff with all of Rottenberger's personnel files in Defendant's possession particularly related to Rottenberger's termination and grievances related to Plaintiff's claims. Plaintiff complains Defendant has improperly limited its response to this request by stating that its review indicates Rottenberger did not receive any other "formal discipline" during his employment with Defendant, (Dkt. 32-1) at 7, thus leaving open the possibility that Rottenberger's personnel file includes informal disciplinary records. In response, Defendant provided a declaration of its Human Relations executive who averred that the review of Rottenberger's file indicates that all relevant documents in the file have been produced to Plaintiff. (Dkt. 36) at 13; (Dkt. 35) ¶¶ 5-6.

As to Plaintiff's Request No. 29, Defendant argues that its response to Plaintiff's request was properly limited to Plaintiff's claim of sexual orientation discrimination at Defendant's Olean, New York facility at which Plaintiff was employed, and that Plaintiff's

request seeking information pertaining to all forms of prohibited employment discrimination on a company-wide basis[1] should be denied as overbroad.

At the outset, Defendant contends Plaintiff has failed to comply with the certification requirement of Fed.R.Civ.P. 37(a)(1).  Although no "certification" has been provided by Plaintiff, nevertheless Plaintiff provided a detailed account of a meet and confer directed to the instant discovery dispute in which the parties engaged on September 16, 2025.  Although the meet and confer was unsuccessful, that it took place is substantial compliance with Rule 37(a)(1).  *See Ergas v. Eastpoint Recovery Group, Inc.*, 2021 WL 1711321, at * 6 (W.D.N.Y. Apr. 30, 2021) (determining that the sequence of counsel's discussions via e-mail regarding the plaintiff's tardy responses to discovery requests established substantial compliance with Rule 37(a)(1)'s prerequisite that the parties confer in good faith prior to moving to compel discovery (citing *Apex Oil Co. v. Belcher Co. of New York, Inc.*, 855 F.2d 1009, 1019-20 (2d Cir. 1988) (it is within the district court's discretion to determine whether the parties have complied with Rule 37(a)(1)'s meet and confer requirement)).

The scope of proper discovery is defined in Fed.R.Civ.P. 26(b)(1) which authorizes discovery relevant to claims and defenses subject to the requirement that discovery requests be proportional to the needs of the case.  *See Kaiser Aluminum Warrick, LLC v. U.S. Magnesium, LLC.*, 2023 WL 2024620, at *1 (S.D.N.Y. Feb. 15, 2023) (discovery must be both relevant to a claim or defense and proportional to the needs of the case.' (citing Fed. R. Civ. P. 26(b)(1))).  Courts have held that personnel files of a corporate defendant's decision-makers and persons with supervisory authority

---

[1]  Defendant operates 60 bakeries nationwide including the Olean facility prior to its closure in November 2024.  (Dkt. 36) at 6 n. 3.

over a plaintiff, including complaints of discrimination and retaliation, are discoverable. *See Vitale v. GST BOCES*, 2014 WL 3385212, at *1 (W.D.N.Y. July 9, 2014) (citing *Dzanis v. JPMorgan Chase & Co.*, 2011 WL 5979650, at *4 (S.D.N.Y. Nov. 30, 2011)). As Rottenberger is not alleged by Plaintiff to have exercised such supervisory authority over Plaintiff's work, discovery of his personnel file is foreclosed.  Further, courts have sustained a defendant's limited response to a Rule 34(c) request based on a reasonable search for relevant documents as Defendant has provided by the Declaration of Antoinette Klotz (Dkt. 35) ¶¶ 3, 4, 5 and 6.  *See Moll v. Telesector Resources Grp., Inc.*, 2007 WL 2892617, at *6 (W.D.N.Y. Sept. 28, 2007) (Court "accepts defendant's representation that it has fully responded to Plaintiff's requests for . . . materials and produced all responsive documents that it could locate after a reasonable search.").  Accordingly, Plaintiff's motion with respect Request No. 11 is DENIED.

With regard to Plaintiff's Request No. 29, although company-wide discovery is permitted to support a claim that a plaintiff is subject to systemic discrimination, *see Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 567 (S.D.N.Y. 2013) ("Evidence of company-wide patterns of discrimination 'may reveal discrimination against a particular group of employees' and thus be relevant.") (quoting *Mitchell v. Metropolitan Life Ins. Co.*, 2004 WL 2439704, at *1 (S.D.N.Y. Nov. 2, 2004) (allowing broader discovery in an individual disparate impact case)), a fair reading of the Complaint fails to support that any such allegation is asserted.  This is true of Plaintiff's request for indicia of a broader form of employment discrimination.  *See Bolia v. Mercury Print Prods., Inc.*, 2004 WL 2526407, at *2 (W.D.N.Y. Oct. 28, 2004) (holding

the plaintiff "should not be entitled to general discovery relating to discrimination claims of a type other than age or disability, the particular claims at issue in this case."). Thus, there is no merit to Plaintiff's assertion that such company-wide discrimination complaints "against the actors and supervisors involved [in Plaintiff's discrimination claims] as described in the Complaint regardless of the [Defendant's] facility where the complaint was made," Defendant's Reply (Dkt. 38) at 5 (underlining added), is required to be produced is without foundation in the Complaint. Plaintiff's assertion that Request 29 properly includes documents relevant to any form of prohibited employment discrimination by Defendant finds no support among any of the factual allegations of the Complaint. Rather, the Complaint again is factually limited to discrimination and retaliation based on Plaintiff's bi-sexual orientation and "gender," Complaint ¶ 67. There are no allegations which even remotely support finding Plaintiff has alleged he suffered any other form of discrimination. *See, e.g.*, Complaint ¶ 30 (alleging Plaintiff's co-employee "carved" the word "fag into Plaintiff's locker;") ¶ 31 (Defendant's management questioned Plaintiff "about his sexual orientation"); ¶ 39 (Rottenberger called Plaintiff a "stupid homo fag;") ¶ 40 (Rottenberger calls Plaintiff "homophobic slurs"). Thus, the Complaint itself limits the form of discrimination to Plaintiff's sexual orientation thereby rendering Plaintiff's requests for information concerning other forms of employment discrimination against Defendant overbroad and thus lacking relevancy. Nor do the Complaint's allegations imply Defendant discriminated against Plaintiff based on Plaintiff's gender. Plaintiff's reliance, (Dkt. 32-1) at 6, on *Louison v. Blue Cross Blue Shield of Greater New York*, 1990 WL 108347, at *1 (S.D.N.Y. July 23, 1990) ("*Louison*") is misplaced as in that case the court did not, contrary to Plaintiff's reading,

permit general discovery regarding other non-alleged forms of discrimination.  Rather, the court found it would be "inappropriate to exclude complaints concerning discriminatory <u>hiring</u> even though plaintiff is alleging only discriminatory failure to promote and termination, since evidence relating to hiring may be relevant to plaintiff's complaint of wrongful termination."  *Louison*, 1990 WL 108347, at *1 (underlining added).  Asserting discrimination based on a plaintiff's sexual orientation implies potential discrimination based on other factors such as race, ethnicity or gender constitutes improper over-reaching.  As such *Louison* in inapposite.  Therefore, Plaintiff's motion directed to this part of Plaintiff's Request No. 29 is also DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 32) is DENIED.  Accordingly, Plaintiff shall within <u>20</u> <u>days</u> show cause why Defendant's expenses incurred in connection with Defendant's opposition to Plaintiff's motion should not, as required, be awarded.  Defendant's response shall be filed within <u>10</u> <u>days</u> thereafter, Plaintiff's reply, if any, shall be filed within <u>five</u> <u>days</u>.  Oral argument shall be at the court's discretion. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
     LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  November 6, 2025
        Buffalo, New York